HENRY W. STEHR AND CLEMENTS A. KROGER, PLAINTIFFS IN ERROR, v. EMIL OLLBERMANN AND LOUIS F. DOMELICH, DEFENDANTS IN ERROR.

1. Where one of two joint debtors is served with summons and a copy of the declaration thereto annexed, and the other is returned not found, judgment cannot be entered by default within sixty days from the return of the summons.
2. Where the defendants are joint debtors, judgment cannot be entered against one alone.

On error to Hudson Circuit.

For the plaintiffs in error, *Frank B. Colton.*

For the defendants in error, *Charles L. Carrick.*

The opinion of the court was delivered by
THE CHANCELLOR. The plaintiffs in error, partners,

trading as "H. W. Stehr & Co.," were sued in *assumpsit* upon a joint contract. One of them, Henry W. Stehr, was served with the summons, and a copy of the declaration thereto annexed, on April 2d, 1885; and the other, Clements A. Kroger, was subsequently returned by the sheriff not found.

The summons was returnable on the 9th of April.

On May 11th, no plea or demurrer having been filed, judgment was entered against both of the defendants. The right to enter such judgment is claimed under the supplement to the act to regulate the practice of courts of law, which was approved April 25th, 1884. *Rev. Sup.*, p. 808, § 2. This supplement provides that the plaintiff may annex his declaration to the summons, and deliver both summons and declaration to the sheriff, with as many copies thereof as there are defendants to be served, and that when the sheriff serves the summons he shall, at the same time, serve a copy of the declaration on each defendant; and that in default of the defendants pleading within thirty days from such service, judgment may be entered against them.

On the other side, it is claimed that the provisions of this statute do not extend to the case of joint debtors where one only is served with process and a copy of the declaration.

The question here presented was raised in the Supreme Court of this state in the case of *McMurtrie* v. *Doughten*, 4 *Zab*. 252, under the act of March 17th, 1852 (*Pamph. L.*, *p.* 218), which, being designed to shorten the time within which judgment might be entered for default, allowed the plaintiff to file his declaration at any time after the return of the summons, and serve a notice of the filing upon the defendant, and enter judgment against him, in default of his pleading or demurring, within thirty days from the receipt of the notice. In that case, the Supreme Court held that there was nothing in the act to indicate that it was the legislative intent to extend its provisions to the case of joint debtors not served with process, and having no notice of the filing of the declaration, and that consequently its provisions could not be so extended.

The case before us is identical in principle with McMurtrie v. Doughten.

The authority for the entry of judgment against an absent joint debtor not served with process is contained in the second section of the act concerning obligations (*Rev.*, *p.* 741), which is, in substance, the third section of the "Act concerning obligations, and to enable mutual dealers to discount," approved November 1st, 1797. *Pat. L.* 254. See, also, act of 1782 (*Wilson* 311), and act of 1771 (*Allison* 353). Chief Justice Kirkpatrick, in *Ford* v. *Munson*, 1 *South.* 93, speaks of this statute as manifestly of hardship to the absent defendant. He is condemned in his absence, without notice, and possibly at the instance of an unprincipled codefendant, who accepts service and suffers judgment to go against him for the very purpose of securing the recovery against the absent defendant.

Having in view such criticism, the provisions of the statutes having for their purpose the shortening of the time within which judgment may be entered, should not be extended to the case of absent joint debtors without notice of the suit against them, unless it is clearly the legislative intent that they shall be so extended. The act of 1884 makes no reference to the entry of judgment against an absent defendant who has not been served with summons or notice, nor does it in any way manifest an intent that its provisions shall be extended to such a case, and it therefore affords no authority for the judgment in this case.

The defendants in error were not entitled to judgment at the time it was entered. Stehr and Kroger had sixty days from the return of the summons within which to plead (*Rev.*, *p.* 864, §§ 103, 104), and were not in default until the expiration of that time. As they were joint debtors, one of whom had been brought into court in a suit against all, the judgment could not be entered against the defendant who had been served with process alone. 1 *Burr. Pr.* 278; *Harker* v.*Brink*, 4 *Zab.* 333, 348; *Dicey on Parties* 230, *note.*

The judgment must be set aside.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, PARKER, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, McGREGOR. 11.